# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV447-MU-1

|  |  |
|---|---|
| WILLIAM ARCHIE HOOVER,  )  )       Plaintiff,  )  Vs.                                  )   **ORDER**  )  JIM PENDERGRAPH,              )  )       Defendant.          ) | |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed October 25, 2005.

Plaintiff has filed a Complaint against Sheriff Pendergraph. In his Complaint, Plaintiff alleges that staph infected inmates are being housed with non-infected inmates such as himself. In addition, Plaintiff alleges that many areas of the jail are overrun with flying bugs.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Defendant Pendergraph with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect Defendant Pendrgraph in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against Defendant

dockets.Justia.com

Pendergraph.

      **IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

**Signed: November 9, 2005**

Graham C. Mullen
Chief United States District Judge